IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Sugar Land ENT and Sleep Center, as
assignee of Joseph Spinks,

    Plaintiff,

vs.

WCA Management Company, L.P. Choice
EPO Premier Plan,

    Defendant.
_____/

CIVIL ACTION NO. 4:23-cv-3714

Hon.

Orlando L. Blanco (P34480)
Derek S. Wilczynski (P57079)
BLANCO WILCZYNSKI, PLLC
2095 E. Big Beaver, Suite 400
Troy, MI 48083
Phone: (248) 519-9000
Fax: (248) 519-9001
olb@blancocpc.com
dsw@blancocpc.com

_____/

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

NOW COMES Plaintiff, Sugar Land ENT and Sleep Center (hereinafter "SLENT"), as assignee of Joseph Spinks, by and through its attorneys, Blanco Wilczynski, PLLC, and for its Complaint against Defendant WCA Management Company, L.P. Choice EPO Premier Plan, submits the following:

**JURISDICTION AND VENUE**

1.    This is a civil complaint brought under the Employment Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. 1001, *et seq.*, specifically ERISA §502 (d), 29 U.S.C. 1132(d), and federal common law, regarding breach of the terms of an

employee benefit plan (hereinafter the "Plan") and breach of fiduciary duty, for the purpose of compelling Defendant to provide certain health care benefits coverage in the amounts and at the coverage levels provided for under the Plan, Declaratory Relief, and for recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's failure to render payment in accordance with the terms of the Plan.

2. This Court has subject matter jurisdiction pursuant to ERISA §§502(e)(1), (f), 29 U.S.C. 1132(e)(1), (f), and 28 U.S.C. § 2201.

3. SLENT brings this action in the District where the breach occurred. Accordingly, venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

4. SLENT is a corporation organized and existing under the law of the State of Texas, with its principal place of business in Sugar Land, Texas.

5. At the time services were rendered to Joseph Spinks, WCA Management Company, L.P. maintained a benefits plan for the benefit of eligible employees called WCA Management Company, L.P. Choice EPO Premier Plan, ("the Plan"). Upon information and belief, GFL Environmental Service ("GFL") acquired WCA Management Company, L.P. ("WCA") in October of 2020. The Plan, however, was in effect at all times pertinent to the treatment provided and this lawsuit.

6. The Plan was at all pertinent times an employee welfare benefit plan within the meaning of ERISA 3(1), 29 U.S.C. 1002(1) and is subject to suit for the improper denial of benefits. A copy of the Summary Plan Description is attached as **Exhibit A**.

7. Following the rendering of services, WCA was acquired by GFL.

8. Plan beneficiary, Joseph Spinks, assigned to SLENT certain health benefits afforded to him under the terms of the Plan, including the right to institute legal enforcement action against GFL for the collection of benefits under the provisions of the Plan. By this legal assignment, SLENT obtains participant/beneficiary status pursuant to 29 U.S.C. 1132(a)(1)(B). A copy of the Legal Assignment of Benefits and Designation of Authorized Representative is attached as **Exhibit B.**

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

9. On December 1, 2021, GFL employee and plan beneficiary, Joseph Spinks, had PROPEL sinus implants surgically placed under nasal endoscopic guidance by SLENT. This procedure was performed by Dr. James Ludwick, MD, a board-certified Otolaryngologist ("ENT") in the Greater Houston area.

10. The total charge for the procedure was $24,594.00.

11. At the time of the provision of services, Mr. Spinks had in full force and effect health care benefits coverage under the Plan, a welfare benefit plan governed by the terms of ERISA, which provided coverage for the implantation services performed by SLENT.

12. Mr. Spinks assigned to SLENT the health benefits afforded to him under the terms of the Plan, as well as the right to institute legal action against the Plan for the enforcement of benefits in conformity with the provisions of the Plan.

13. In accordance with the terms of the Legal Assignment of Benefits and Designation of Authorized Representative executed by Mr. Spinks, SLENT submitted a claim for health care benefits for the services provided to Mr. Spinks on December 1, 2021 to the claim administrator, United Health Care Group ("UHC").

14. SLENT submitted claims containing all information necessary to UHC for payment. Despite submission of the claims requesting payment for the services rendered on behalf of the Plan beneficiary, Defendant has wrongfully denied SLENT's request and paid zero dollars for the services.

15. On January 14, 2022, correspondence from UHC states the sole reason for denial is the lack of the words, "date of service" in the provider's medical record. Specifically, the correspondence from UHC states, "the submitted medical records include ***stent placement was performed*** (emphasis added) the record does not include the actual date of service which must be labeled as the date of service." The correspondence goes on to state that, "the charted date, dictated date, transcribed date, admit date, signature date or discharge date is not sufficient and cannot be used as the actual date of the service. This means the validity and accuracy of the claim cannot be verified."

16. On or about February 25, 2022, SLENT appealed the denial of its request for payment in accordance with the Plan's appeal procedures. On behalf of the Plan, UHC issued a Determination on Review ("DAR") on March 31, 2022, which was in complete violation of the ERISA's Full and Fair Review procedures, 29 CFR 2560.503-1(j). Specifically, the notification failed to reference the specific reason or reasons for the adverse determination, nor did it reference the specific plan provisions on which the benefit determination is based. In fact, the determination failed to even address, in any manner, the denial of benefits relating to CPT S1091. Defendant has continued to wrongfully deny SLENT's appeals and SLENT has exhausted the internal appeal process.

17. On or about September 12, 2022, SLENT notified the Plan and GFL, as the successor to WCA and the Plan sponsor, regarding the breaches of fiduciary duty of its

third-party administrator, UHC, and requested an investigation by the Plan under 29 USC 1105.

20. Rather than investigate the alleged fiduciary breaches of its third-party administrator, as required by law and the Plan itself, on or about October 27, 2022, the Plan and GFL failed to exercise their fiduciary duty and directed SLENT back to the same plan administrator, UHC, who previously refused to process SLENT's claim for payment under the Plan.

19. Following this denial, Plaintiff attempted to work in good faith to resolve this egregious denial of benefits clearly owed by The Plan.

20. On November 21, 2022, counsel for SLENT wrote to GFL and the Plan indicating that they were wrongfully withholding payment for SLENT's claim and putting them on notice that they will be seeking judicial review against GFL and the Plan under ERISA section 502 of 29 USC 1132 (**Exhibit C**, November 21, 2022 Correspondence).

21. On November 25, 2022, Tracy L. Hoffman, Senior Associate General Counsel with the Plan Administrator, UHC, responded to the aforementioned letter from SLENT, requesting SLENT's position in writing "regarding why your client is not prohibited from seeking additional reimbursement under the operative participation agreement…" among other things (**Exhibit D**, Email Chain).

22. On December 5, 2022, counsel for SLENT sent correspondence to Ms. Hoffman outlining the ways in which GFL and the Plan has breached their fiduciary duty to SLENT by failing to pay the claim (**Exhibit E**, December 5, 2022, Correspondence).

23. On December 27, 2022, Ms. Hoffman reiterated her belief that the "claim was adjudicated properly," but stated that she would have a "medical director review the file once again." (**Exhibit F**.)

24. On February 11, 2023, presumably after the medical director review of the claim, Tracy L. Hoffman provided written indication that the claim would be paid and that the payment was in process. Specifically, Ms. Hoffman stated "[t]he payment is in process, and I am checking in weekly on it in order to update you." (**Exhibit G**.)

25. When said payment was not received, on February 28, 2023, counsel for SLENT followed up by sending an email to Tracy L. Hoffman, notifying her that payment had not yet been received by SLENT, stating: "we still have not received the payment referenced in your earlier email. As we are now quickly approaching March, I would appreciate it if you would please provide me a firm date when this check went out." (**Exhibit H**.)

26. Neither Plaintiff nor its counsel have received a response from Tracy L. Hoffman and/or the Plan, and, as of the filing of this Complaint, Plaintiff has not received payment for the claim that Defendant's authorized representative represented in writing would be paid.

27. The wrongful denial of SLENT's requests for payment of services provided to its plan beneficiary violates 29 U.S.C. 1132(a)(1)(B), entitling SLENT to all benefits due under the terms of the Plan.

28. SLENT is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1) due to Defendant's wrongful denial of its claims and other violations of ERISA as detailed below.

### COUNT I – ACTION UNDER ERISA 502(A)(1)(B), 29 U.S.C. 1132(A)(1)(B), TO RECOVER FULL BENEFITS

29. Plaintiff incorporates by reference paragraphs 1 through 28, as though fully set forth therein.

30. Pursuant to 29 U.S.C. 1132(a)(1)(B), a participant or beneficiary of an employee benefit welfare plan may bring a civil action "to recover benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

31. ERISA requires every employee benefit plan to be established and maintained pursuant to a written instrument, 29 U.S.C. 1102(a)(1), specifying the basis on which payments are made to and from the Plan. 29 U.S.C. 1102(b)(4). A plan administrator is obligated to act in accordance with the governing written plan under the provisions of 29 U.S.C. 1104(a)(1)(D). Claims under an employee welfare benefit plan governed by ERISA are determined according to the terms of the Plan itself. 29 U.S.C. 1132(a)(1)(B).

32. Pursuant to ERISA 502(a)(1)(B) and 29 USC 1132(a)(1)(B), Plaintiff seeks to recover benefits due under the terms of the Plan, to enforce rights under the terms of the Plan, and to clarify rights to future benefits under the Plan. Specifically, Plaintiff was wrongfully and improperly denied benefits by Defendant which are clearly reimbursable under the Plan, including benefits for past and future medical care provided under the Plan.

33. Plaintiff made a timely claim for benefits under Defendant's ERISA Plan and fulfilled all requirements under The Plan.

34. Defendant wrongfully denied benefits due to Plaintiff under the terms of the Plan by wrongfully denying benefits which are clearly reimbursable under the terms of the Plan itself.

35. Defendant's denial of Plaintiff's claims for benefit payments is in direct violation of the terms of the Plan, in that they were wrongfully denied.

36. Therefore, pursuant to the terms of the Plan, and 29 U.S.C. 1132 (a)(1)(B), Plaintiff hereby seeks recovery of the full benefits due for the services rendered, together with costs and attorney fees.

### COUNT II – ACTION UNDER ERISA 502(a)(3), 29 U.S.C. 1132(a)(3), TO REMEDY BREACH OF FIDUCIARY DUTY

37. Plaintiff incorporates by reference paragraphs 1 through 36, as though fully set forth therein.

38. Pursuant to ERISA 404(a), 29 U.S.C. 1104(a), as fiduciary with respect to the Plan, SLENT and any of its designated agents under the Plan have and had a duty to discharge their duties with respect to the Plan solely in the interest of the Plan participants and their beneficiaries, and:

   a. For the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan; and

   b. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and

   c. In accordance with the Plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

39. Defendant's actions in denying Plaintiff's benefits and refusing to timely provide requested plan documents were in violation of each and every one of its fiduciary duties as set forth above.

### COUNT III - BREACH OF CONTRACT FOR ERISA/SPINKS

40. Plaintiff incorporates by reference paragraphs 1 through 39, as though fully set forth therein.

41. The email correspondence from Tracy L. Hoffman of UnitedHealthcare, dated February 11, 2023, in which she indicated that the Plan would be paying for Plaintiff's claim and that the payment was in process constituted a valid, enforceable contract.

42. As of the filing of this Complaint, Plaintiff has not received payment for its claim.

43. Defendant's conduct in advising that the Plan would be paying for Plaintiff's claim and that the payment was in process, but failing to issue any payment constituted a breach of contract between the parties.

44. Defendant's actions in stating that they would be paying for Plaintiff's claim and that the payment was being processed was in breach of their contract obligations and damaged Plaintiff by their nonperformance.

### COUNT IV - INTENTIONAL MISREPRESENTATION

45. Plaintiff incorporates by reference paragraphs 1 through 44, as though fully set forth herein.

46. Defendant, through its agent Tracy L. Hoffman, made the representation to Plaintiff that the Plan would be providing payment for Plaintiff's claim.

47. Specifically, on February 11, 2023, Defendant indicated that "the payment is in process."

48. However, as of the date of the filing of this Complaint, Plaintiff has not received payment and has not received an additional update on the matter.

49. Defendant's representations were false when they were made.

50. Defendant intended that Plaintiff would rely on the representations.

51. Defendant knew its representations were false when they were made, or Defendant made them recklessly without knowing whether they were true.

52. Defendant intended that Plaintiff would rely on the representations.

53. As a result of Defendant's misrepresentations, Plaintiff has suffered substantial economic losses.

54. Such economic loss has been to the benefit of Defendant.

## COUNT V - NEGLIGENT MISREPRESENTATION

55. Plaintiff incorporates by reference paragraphs 1 through 54, as though fully set forth herein.

56. Defendant, through its agent Tracy L. Hoffman, intentionally made false representations of material fact to Plaintiff regarding issuing a payment for its claim, as set forth in preceding paragraphs.

57. This representation was material.

58. This representation was false.

59. Defendant was negligent in making the misrepresentations.

60. As a result of Defendant's misrepresentations, Plaintiff has suffered substantial economic losses.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF REQUESTS that the Court grant the following relief:

a. A declaratory judgment pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), and 28 U.S.C. 2201, declaring that Plaintiff is entitled to payment of the full benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Defendant has violated the Plan and its fiduciary duties by denying these benefits;

b. Preliminary and permanent injunctions pursuant to ERISA 501(a)(3), 29 U.S.C. 1132(a)(3), and Fed R Civ P 65, enjoining Defendant from denying, reducing, limiting, or terminating the benefits payable to Plaintiff under the Plan;

c. An order compelling Defendant to pay Plaintiff forthwith the full amount of health benefits due and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits;

d. Disgorgement of any profits or gain Defendant have obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff;

e. Reasonable attorney fees and costs, pursuant to ERISA 502(g)(1), 29 U.S.C. 1132 (g)(1);

f. Such other relief as may be just and appropriate.

Respectfully submitted,

**BLANCO WILCZYNSKI, PLLC**

/s/ Orlando L. Blanco
Orlando L. Blanco (P34480)
Derek S. Wilczynski (P57079)
2095 E. Big Beaver, Suite 400
Troy, MI 48083
Phone: (248) 519-9000
Fax: (248) 519-9001
olb@blancopc.com
dsw@blancopc..com

Dated: October 3, 2023

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all questions of fact related to Plaintiff's claims as pled above.

Respectfully submitted,

**BLANCO WILCZYNSKI, PLLC**

*/s/ Orlando L. Blanco*
Orlando L. Blanco (P34480)
Derek S. Wilczynski (P57079)
2095 E. Big Beaver, Suite 400
Troy, MI 48083
Phone: (248) 519-9000
Fax: (248) 519-9001
olb@blancopc.com
dsw@blancopc..com

Dated:  October 3, 2023

S:\Cases - Opened\Spinks, Joseph\Pleadings\Complaint\100323 Final Spinks Complaint.jmh.rjm.docx